## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## BROWARD DIVISION

Case No.: 18-60283-CIV-ZLOCH

**TAMMY TAYLOR,**

                **Petitioner,**

       **and**

**ANGIE RAMIREZ, in her individual capacity; and**
**THE CITY OF FORT LAUDERDALE**
           **Respondent.**
_____/

## SECOND AMENDED COMPLAINT

**COMES NOW** Plaintiff, TAMMY TAYLOR, by and through her undersigned counsel, hereby files her Complaint against the Defendants, the CITY OF FORT LAUDERDALE ("hereinafter FL") in its official capacity and ANGIE RAMIREZ, in her individual capacity ("hereinafter AR).

## INTRODUCTION

This civil action arises from an incident that occurred on the evening of March 5, 2017, during the unlawful detention, unlawful arrest, and wrongful prosecution of Plaintiff TAMMY TAYLOR after she was arrested without probable cause for an alleged trespass and resisting an officer without violence.  The Defendants FL and AR wrongfully arrested the Plaintiff without requisite probable cause. The Plaintiff TAMMY TAYLOR was subsequently transported to the Broward County Main Jail, where he was held in custody prior to her case being dismissed on all charges. The Broward County State Attorney's Office announced that the case would be Nolle Prossed due to its inability to proceed to Trial on the matter.

Plaintiff TAMMY TAYLOR brings federal constitutional claims against the Defendant FL as the supervisory entity responsible for the conduct, training, and supervision of the Officers under its charge. FL failed to properly train the officers in the appropriate methods, proper procedures, and protocols with respect to conducting an arrest. FL had a policy and custom that constituted deliberate indifference to the Plaintiff's constitutional rights, and FL's policy and custom deprived the Plaintiff of her rights under the Constitution and the laws of the State of Florida, resulting in her unlawful detention, wrongful arrest, and prosecution. Lastly, Plaintiff brings a negligent retention claim against FL for retaining AR despite the Plaintiff's claims of police covering up the illegal detention, search, arrest, and prosecution of her criminal case.

## JURISDICTION AND VENUE

1. Plaintiff in her action seeks relief under the Fourth and Fourteenth Amendments of the United States Constitution, and the Civil Rights Act of 1871, 42 U.S.C. § 1983, including compensatory damages, punitive damages, costs, and attorney's fees, pursuant to 42 U.S.C. § 1988.

2. Venue is proper in the Southern District Court of Florida, pursuant to 28 U.S.C. §1391 (b), as the Defendant's principal place of business in the District, and all of the acts and omissions giving rise to the action occurred in Broward County.

3. The Court has federal question jurisdiction over the Plaintiff's federal law claims, pursuant to 28 U.S.C. §§ 1331, 1343(a)(3). Plaintiff's state law claims are related to these federal claims and form a part of the same case or

controversy. The Court accordingly has supplemental jurisdiction over

Plaintiff's state law claims, pursuant to 28 U.S.C. § 1367(a).

4.  All conditions precedent to the maintenance of the action, including those set

forth in Florida Statute §768.28, have been performed, have occurred prior to

its institution, or have been waived.

## **PARTIES**

5.  At all times material hereto, Plaintiff TAMMY TAYLOR is a resident of

Broward County, Florida, and is otherwise sui juris. TAMMY TAYLOR is a

Caucasian woman and aged 48 years old at present time.

6.  At all times material hereto, Defendant ANGIE RAMIREZ (CCN# 1800) was

employed as Certified Sworn Law Enforcement Officers for the Defendant FL

and she was acting under the direction and control of FL, in such capacity as

an agent, servant, and employee of FL. Upon information and belief, and at all

times material hereto, Defendant RAMIREZ participated in the

unconstitutional violations and other wrongful acts that occurred on March 5,

2017, at which time she was acting within the course and scope of her

employment under color of state law.

7.  At all times material hereto, Defendant FL is an entity, corporate, and

political, duly organized, under the State of Florida. FL is the governmental

entity responsible, as a matter of law, for the actions of its officials, agents,

and employees, and was responsible for their training, supervision, and

conduct. FL is also responsible for ensuring that its police personnel obey the

laws of the State of Florida ad ensuring that its rules and regulations are followed and enforced.

8. Plaintiff TAMMY TAYLOR sues Defendant FL in its official capacity.

9. Plaintiff TAMMY TAYLOR sues Defendant AR in her individual capacity.

### **FACTUAL ALLEGATIONS**

*Events that Occurred on March 5, 2017*

10. On March 5, 2017, at approximately 8:44 p.m. Officers Ramirez and an Unknown Officer (CCN # 1784) were employed with the City of Fort Lauderdale Police Department and on patrol at: 707 NE 8th Street, Fort Lauderdale, FL 33304.

11. A staff member at the venue approached the Plaintiff and requested that she gather the belongings of a friend that was placed under arrest. The Plaintiff stood near abiding by the staff member's instructions.

12. Afterwards, an Unknown Officer (CCN # 1784) approached the Plaintiff and requested that she move because if the Plaintiff failed to abide his commands she would be arrested for trespassing. The Unknown Officer then pointed in a direction that was considered public property where the Plaintiff was permitted to wait on her friend's belongings.   The Plaintiff immediately complied with the Unknown Officer's requests and moved and waited on public property for her friend's belongings.

13. Defendant RAMIREZ observed the interaction between the Plaintiff and the Unknown Officer. Despite the Plaintiff's actions, Defendant RAMIREZ

immediately placed the Plaintiff under arrest after she obeyed the Unknown

Officer's commands without probable cause to effectuate the arrest.

14. After the illegal seizure, battery, and wrongful arrest of the Plaintiff, the

Defendant RAMIREZ arrested the Plaintiff for Resisting an Officer without

Violence and Trespassing *without* probable cause. The Plaintiff captured the

actions of the Defendant's Officers and her arrest on video with her cellphone.

15. On March 9, 2017, the Plaintiff was charged by information with Resisting an

Officer without Violence and Trespassing.

16. Seven months later on October 5, 2017, the Broward State Attorney's Office

announced on the record a Nolle Prosse as to all counts of the case.

17. On January 2, 2018 Plaintiff TAMMY TAYLOR filed an internal affairs

report with the accompanying video documenting the acts of both Officers

that were employed with FL's office as a result of the unlawful seizure,

battery, and arrest. Upon information and belief, the internal affairs report is

pending investigation.

18. FL has maintained a long-standing, widespread history of failure to train,

supervise, or otherwise discipline its police officers for, among other things,

unlawful detentions and/or arrests even though it had notice of the unlawful

conduct by its employees and the public.

19. FL has maintained a system of review for abuses of lawful authority like

unlawful detention, and/or arrests, among other things, by sworn law

enforcement officers and complaints thereof, which has failed to subject

police officers who employed unlawful detentions to appropriate discipline,

closer supervision, and/or retaining, to the extent that it has become the de facto policy and custom of FL to tolerate such acts by its officers.

20. Indeed, FL routinely performs cursory investigations of incidents involving extremely questionable unlawful arrests, detentions, and wrongful prosecutions on the part of FL officers, with an eye toward exonerating the officer involved rather than finding out the truth. Almost uniformly, investigators and supervisors uncritically endorse the officers' version of events, even when those versions are inconsistent or in direct contradiction of objective evidence. The result is that these incidents involving questionable unlawful detentions, unlawful arrests, and wrongful prosecutions are impartial investigated, documented, or addressed without corrective measures when warranted.

21. Due to the intentionally inadequate investigative process, in virtually all unlawful arrests and wrongful prosecutions, FL has declared the conduct of its officers to be justified.

22. FL's foregoing acts, omissions, policies, or customs caused law enforcement officers, including Defendant RAMIREZ, to believe that such acts as unlawful detentions, unlawful arrests, battery, and the improper handling of incidents would not properly be investigated. The consistent lack of accountability within FL for the questionable and often unjustifiable unlawful detentions, unlawful arrest, and wrongful prosecutions has promoted an acceptance of disproportionate, aggressive, and unconstitutional behavior towards ordinary

citizens. The resulting culture of aggression both promotes and condones
intimidating and harsh approaches towards the citizenry.

23. Despite FL's notice and knowledge of the impartial and biased propensities of
their sworn law enforcement officers because of said officers' lack of training,
skill, and/or experience, FL failed to implement any policies or programs to
train said officers or otherwise intentionally failed to protect the public,
including the Plaintiff.

24. FL had policies, customs, and practices that constituted deliberate indifference
to Plaintiff's Constitutional Rights pursuant to the Fourth and Fourteenth
Amendments, and FL's policies and customs caused the violation of
Plaintiff's rights and/or was the moving force behind such Constitutional
violations as indicated by the facts described above.

25. The policies, customs, and practices complained of include, but are not limited
to the following:

   a. Deliberate indifference by failing to provide sufficient supervision of the
   arrest in question and by failing to monitor the arrest in question;

   b. Deliberate indifference by improperly training FL officers in such a way
   that condones, encourages, and permits their officer and agents to violate
   the rights of citizens that are encountered.

   c. Deliberate indifference in failing to properly supervise FL officers in their
   encounters with persons they arrest;

   d. Deliberate indifference in failing to determine whether said employee,
   including Defendant RAMIREZ and the Unknown Male Officer (CCN

#1784), posed a threat to the public because of their propensity to commit unlawful acts.

26. The Defendant FL was grossly and willfully negligent in the selection and/or training and/or supervision and/or retention of Officers Ramirez and Unknown Male Officer (CCN #1784) as sworn law enforcement officers of the Defendant FL, in that:

   a. It appointed said Defendants as sworn law enforcement officers when it knew or, in the exercise of reasonable care, should have known of the Defendants' dispositions to engage in such unlawful conduct.

   b. Despite the fact that it knew or should have known that the pattern of conduct was being carried out by its agents and employees, FL has failed to and refused to: (1) Remove Officers Ramirez and Unknown Officer (CCN#1784) from their positions as sworn law enforcement officers; (2) Take any disciplinary action against said Officers; and (3) Provide redress for citizens, such as Plaintiff, who have been injured thereby.

27. FL's deliberate indifference, failure to train, failure to effectively supervise, and its permission (and toleration of) the patterns and practices enumerate above, were the moving forces causing the serious injuries to Plaintiff and the violation of Plaintiff's Constitutional Rights.

28. The actions of Officers Ramirez and Unknown Officer (CCN #1784) in this case, as well as the actions of Defendant FL in other similar situations, indicate that the officers who violated TAMMY TAYLOR's rights acted in

accordance with FL's policies and reflect policies were adopted by FL and their high-ranking officials.

29. The failure of FL to completely investigate the unlawful arrest, unlawful detention, and wrongful prosecutions, and to institute appropriate disciplinary and restraining action in the wake of them, severs to tacitly condone the egregious misconduct of the officers involved. The agency's inaction in this regard effectively annuls its official general orders regarding the use of force and substitutes in their place a permissive de facto policy and custom of tolerating unlawful detentions, arrests, and prosecutions, which will invariably have the effect of promotion similar misconduct by other officers in the future. In sum, the pattern of not obeying the law on the part of the FL officers' stems from systematic deficiencies in training and supervision and from the inadequate investigation and routine infraction of illegality.

## COUNT I

**42 U.S.C. § 1983 Claim Against Defendant FL for Failure to Properly Train**

30. Plaintiff TAMMY TAYLOR realleges the allegations contained in Paragraphs 1- 29 as if fully set forth herein.

31. This claim is brought pursuant to 42 U.S.C. § 1983 for violation of the Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

32. Defendant FL violated Plaintiff's Fourth Amendment freedom from being subjected to an unreasonable and unlawful search and Fourteenth Amendment

substantive due process when FL failed to adequately train officers to follow the laws.

33. FL is responsible for effectuating arrests and is answerable for unlawful arrests.

34. FL is responsible for the implementation and regulation of official policies for FL. Further FL is responsible for the regulation of policies and the implementation of training to maintain an effect police force that is capable and prepared to deal with encounters with citizens *legally*.

35. FL was deliberately indifferent to its responsibility to adequately prepare its officers for encounters with non-threatening citizens and for their interaction with detention and arrest of the same.

36. FL is charged with properly training officers with the available skills that allow officers to investigate a situation involving non-threatening citizens and to maintain their safety.

37. FL was deliberately indifferent to its responsibility to create an effectively trained police force that could adequately effectuate arrests. All the conduct at the scene of the Plaintiff's encounter was contrary to established police methods for interacting with non-threatening persons.

38. FL is responsible for supervision, training, and hiring of persons, agents and employees working for the City of Fort Lauderdale Police Department.

39. Thus, there were no sufficiently trained deputies available to reasonably and effectively deal with the Plaintiff's situation. All the acts and omissions of the insufficiently trained officers were inappropriate to the situation and caused

the Plaintiff to be in custody for crimes that were subject to arrest lacking

probable cause.

40. Further, the officers were not provided with sufficiently detailed policies,

training, and procedures to use in investigating a situation involving the

legality of arrests. These officers did not have the adequate direction, training,

or assistance with which to respond to the incident that occurred on March 5,

2017.

41. FL is sued in this action for its culpable action or inaction in the training,

supervision, or its control of its subordinates, and acquiescence in the

constitutional deprivations alleged herein.

42. FL affirmative conduct involves its failure to ensure enforcement of policies,

rules, or directives that set in motion a series of acts by others which it knew

or reasonably should have known would cause others to inflict the

constitutional injuries alleged herein.

43. FL knew or should have known of its subordinates' ongoing constitutional

violations, of the failure to lawfully effectuate arrests, unlawfully seize and

search individuals, and maliciously prosecute individuals based upon unlawful

arrests.

44. FL acquiesced, condoned, or ratified a custom, practice or policy of ongoing

misconduct by its subordinate officers.

45. All the above referenced failures are the responsibility of FL, which was

deliberately indifferent to its responsibility to have appropriate policies and

procedures in place and to train and supervise officers employed by FL to deal

with the recurring situation of effectuating arrests.

46. As a further direct and proximate result of the conduct described above,

Plaintiff TAMMY TAYLOR suffered loss of her liberty and mental anguish.

These losses are either permanent or continuing, and TAMMY TAYLOR will

suffer losses in the future, in violation of her civil rights. Plaintiff has also

agreed to pay the undersigned a reasonable attorney fee for services provided.

WHEREFORE, Plaintiff prays for the following relief:

a.   Judgement for compensatory damages in excess of $100,000.00;

b.   Judgement For exemplary or punitive damages;

c.   Cost of suit;

d.   Reasonable attorney's fees, pursuant to 42 U.S.C. § 1983;

e.   Trial by Jury as to all issues so triable; and

f.   Such other relief as this Honorable Court may deem just an appropriate.


## <u>COUNT II</u>

**42 U.S.C. § 1983 Claim Against Defendant FL for Failure to Properly Supervise**

47. Plaintiff TAMMY TAYLOR realleges the allegations contained in Paragraphs

1- 29 as if fully set forth herein.

48. This claim is brought pursuant to 42 U.S.C. § 1983 for violation of the

Plaintiff's rights under the Fourth and Fourteenth Amendments to the United

States Constitution.

49. Defendant FL violated Plaintiff's Fourth Amendment freedom from being subjected to an unreasonable and unlawful search and Fourteenth Amendment substantive due process when FL failed to adequately train officers to follow the laws.

50. FL is responsible for effectuating arrests and is answerable for unlawful arrests.

51. FL is responsible for the implementation and regulation of official policies for FL. Further, FL is responsible for the regulation of policies and the implementation of supervision to maintain an effect that police force that is capable and prepared to deal with encounters with citizens legally.

52. FL was deliberately indifferent to its responsibility to adequately prepare and supervise its officers for encounters with non-threatening citizens and for their interaction with detention, and arrest of the same.

53. FL is charged with properly supervising officers with the available skills that allow officers to investigate a situation involving non-threatening citizens and to maintain their safety.

54. FL was deliberately indifferent to its responsibility to create an effectively trained police force that could adequately effectuate arrests. All the conduct at the scene of the Plaintiff's encounter was contrary to established police methods for interacting with non-threatening persons.

55. FL is responsible for supervision, training, and hiring of persons, agents and employees working for the City of Fort Lauderdale Police Department.

56. Thus, there were no sufficient supervision of deputies available to reasonably and effectively deal with the Plaintiff's situation. All the acts and omissions of the insufficiently supervised officers were inappropriate to the situation and caused the Plaintiff to be in custody for crimes that were subject to arrest lacking probable cause.

57. Further, the officers were not provided with sufficient supervision of a situation involving the legality of arrests. These officers did not have the adequate direction or assistance with which to respond to the incident that occurred on March 5, 2017.

58. FL is sued in this action for its culpable action or inaction in the training, supervision, or its control of its subordinates, and acquiescence in the constitutional deprivations alleged herein.

59. FL affirmative conduct involves its failure to ensure enforcement of policies, supervision, rules, or directives that set in motion a series of acts by others which it knew or reasonably should have known would cause others to inflict the constitutional injuries alleged herein.

60. FL knew or should have known of its subordinates' ongoing constitutional violations, of the failure to lawfully effectuate arrests, unlawfully seize, unreasonably search, and maliciously prosecute individuals based upon unlawful arrests.

61. FL acquiesced, condoned, or ratified a custom, practice or policy of ongoing misconduct by its subordinate officers.

62. All the above referenced failures are the responsibility of FL, which was deliberately indifferent to its responsibility to have appropriate policies and procedures in place and to supervise officers employed by FL to deal with the recurring situation of effectuating lawful arrests.

63. As a further direct and proximate result of the conduct described above, Plaintiff TAMMY TAYLOR suffered loss of her liberty and mental anguish. These losses are either permanent or continuing, and TAMMY TAYLOR will suffer losses in the future, in violation of her civil rights. Plaintiff has also agreed to pay the undersigned a reasonable attorney fee for services provided.

WHEREFORE, Plaintiff prays for the following relief:

g.   Judgement for compensatory damages in excess of $100,000.00;

h.   Judgement For exemplary or punitive damages;

i.   Cost of suit;

j.   Reasonable attorney's fees, pursuant to 42 U.S.C. § 1983;

k.   Trial by Jury as to all issues so triable; and

l.   Such other relief as this Honorable Court may deem just an appropriate.

## <u>COUNT III</u>

**42 U.S.C. § 1983 Monell Municipal Liability Claim against Defendant FL for Pattern/Practice of Making Unlawful Arrests**

64. Plaintiff TAMMY TAYLOR realleges the allegations contained in Paragraphs 1- 29 as if fully set forth herein.

65. Defendant FL maintained an unconstitutional policy, ordinance, or regulation which allowed its Officers to make unlawful arrests absent probable cause or probable cause.

66. There were longstanding and systematic deficiencies with the FL's treatment of citizens. Deficiencies include making unlawful arrests, lack of required training and supervision, and non-compliant policies and procedures. FL's failure to train and supervise its Officers regarding its basis of arrests and treatment of citizens rises to the level of a municipal custom that authorized and/or condoned officer misconduct.

67. Upon information and belief, the permanent, widespread, well settled practice or custom was to make false arrests; not properly make arresting decisions; failure to properly maintain and complete arrest affidavits, and FL's failure in its investigations of police misconduct.

68. FL's failure to investigate and supervise Officer misconduct was previously address in a suit entitled *Jeffrey Dowling v. City of Ft. Lauderdale*, Case No.: 12-CIV-60774-JIC, filed in the United States Southern District of Florida. In that case, FL was found to have unlawfully arrested, detained, and maliciously prosecuted Mr. Dowling and he (Mr. Dowling) was awarded damages *prior* to TAMMI TAYLOR's arrest and this instant action.

69. This pattern of deliberate indifference to basic skills of law enforcement with the City of Fort Lauderdale promoted and maintained a culture of deliberate indifference a person's constitutional rights.

70. Defendant FL was deliberately indifferent to the right of the Plaintiff to be free from being subjected to an unreasonable and unlawful seizure and Fourteenth Amendment substantive due process when FL failed to take action against the patterns and practices of unlawful police conduct.

71. As a direct and proximate result of the practice or custom of FL and AR, Plaintiff was denied her fundamental constitutional protections.

72. The unlawful and illegal conduct of FL and AR, Plaintiff's rights, privileges, and immunities secured to her by the Constitution of the United States including, but not limited to, due process under the Fourteenth Amendment to the Constitution was violated.

73. As a further direct and proximate result of the conduct described above, Plaintiff TAMMY TAYLOR suffered loss of her liberty and mental anguish. These losses are either permanent or continuing, and TAMMY TAYLOR will suffer losses in the future, in violation of her civil rights. Plaintiff has also agreed to pay the undersigned a reasonable attorney fee for services provided.

WHEREFORE, Plaintiff prays for the following relief:

m.  Judgement for compensatory damages in excess of $100,000.00;

n.  Judgement For exemplary or punitive damages;

o.  Cost of suit;

p.  Reasonable attorney's fees, pursuant to 42 U.S.C. § 1983;

q.  Trial by Jury as to all issues so triable; and

r.  Such other relief as this Honorable Court may deem just an appropriate.

## <u>COUNT IV</u>

**42 U.S.C. § 1983 Monell Municipal Liability Claim against Defendant FL for Pattern/Practice of Malicious Prosecution**

74. Plaintiff TAMMY TAYLOR realleges the allegations contained in Paragraphs 1- 29 as if fully set forth herein.

75. Defendant FL maintained an unconstitutional policy, ordinance, or regulation which allowed its Officers to make unlawful arrests absent probable cause or probable cause.

76. Defendant FL knew that failure to provide adequate training and supervision for its officers could result in further significant injury to the citizens and Plaintiff.

77. This use of power was unreasonable under the circumstances because after UNKNOWN Officer directed the Plaintiff to move, Plaintiff complied. Plaintiff *did not* resist, pose a threat to the safety of officers, or attempt to evade arrest by flight. During the relevant period, Officer AR was performing her duty as an officer of the City of Fort Lauderdale Police Department, which is branch of the City of Fort Lauderdale.

78. Based upon the conduct of Officers AR and UNKNOWN OFFICER, Plaintiff was deprived of her constitutional rights under the Fourth and Fourteenth Amendments of the U.S. Constitution.

79. Defendant AR knew that the arrest, search, and prosecution of the Plaintiff was illegal. Plaintiff was subject to humiliation, fear, mental anguish, and suffering by the illegal acts of the Defendants.

80. The conduct of the Defendants was willful, wanton, malicious, oppressive, and done with reckless disregard for the rights of Plaintiff and therefore warrants the imposition of exemplary and punitive damages against the Defendants.

81. As a further direct and proximate result of the conduct described above, Plaintiff TAMMY TAYLOR suffered loss of her liberty and mental anguish. These losses are either permanent or continuing, and TAMMY TAYLOR will suffer losses in the future, in violation of her civil rights. Plaintiff has also agreed to pay the undersigned a reasonable attorney fee for services provided.

WHEREFORE, Plaintiff prays for the following relief:

s.   Judgement for compensatory damages in excess of $100,000.00;

t.   Judgement For exemplary or punitive damages;

u.   Cost of suit;

v.   Reasonable attorney's fees, pursuant to 42 U.S.C. § 1983;

w.   Trial by Jury as to all issues so triable; and

x.   Such other relief as this Honorable Court may deem just an appropriate.

## <u>COUNT V</u>

**42 U.S.C § 1983- False Arrest/False Imprisonment Claim against Defendant AR**

82. Plaintiff TAMMY TAYLOR realleges the allegations set forth in Paragraphs 1 – 29 as if fully set forth herein.

83. As set forth above, through its actions, Defendant AR personally participated in and caused the false arrest and false imprisonment of Plaintiff TAMMY TAYLOR.

84. Defendant AR had no arguable probable cause or probable cause to effectuate an arrest on the Plaintiff for trespassing or resisting an officer without violence.

**85.** In an effort to cover up the illegal detention, illegal arrest, and overall gross negligence, Defendant AR, with the assistance of other FL officers, unlawfully noted incorrect information on sworn documents of the arrest that occurred on March 5, 2017.

**86.** In as much as Defendant AR knew or should have known that TAMMY TAYLOR was complaint and non-threatening, Ramirez's actions when arresting TAMMY TAYLOR were taken without lawful authority. Therefore, said actions constitute the false arrest and false imprisonment of TAMMY TAYLOR.

87. As a further direct and proximate result of the conduct described above, Plaintiff TAMMY TAYLOR suffered loss of her liberty and mental anguish. These losses are either permanent or continuing, and TAMMY TAYLOR will suffer losses in the future, in violation of her civil rights. Plaintiff has also agreed to pay the undersigned a reasonable attorney fee for services provided.

WHEREFORE, Plaintiff prays for the following relief:

y.   Judgement for compensatory damages in excess of $100,000.00;

z.   Judgement For exemplary or punitive damages;

aa.  Cost of suit;

bb.  Reasonable attorney's fees, pursuant to 42 U.S.C. § 1983;

cc.  Trial by Jury as to all issues so triable; and

dd.  Such other relief as this Honorable Court may deem just an appropriate.

## COUNT VI

**Malicious Prosecution Against Defendant AR-State Law Violation**

88. Plaintiff TAMMY TAYLOR realleges the allegations contained in Paragraphs 1- 29 as if fully set forth herein.

89. Florida recognizes the common law tort for Malicious prosecution which is defined as: 1)An original judicial proceeding against the present Plaintiff was commenced or continued; 2) The present Defendant was the legal cause of the proceeding; 3)The termination of the original proceeding was in favor of the present Plaintiff' 4) There was an absence of probable cause for the original proceeding; 5) There was malice on the part of the present Defendant; and 6) Plaintiff suffered damages as a result of the original proceeding.

90. As previously plead, Plaintiff was the subject of a criminal action in the State of Florida that was subsequently Nolle Prossed. The Defendant AR lacked at best arguable probable cause when she effectuated the wrongful arrest of the Plaintiff.

91. Defendant AR wrongfully caused criminal proceeding to be instituted against Plaintiff TAMMY TAYLOR with malice and absent probable cause, or arguable probable cause, by submitting police reports to prosecuting authorities containing false statements and/or material omission, which reports were relied upon by prosecuting authorities.

92. Based on the story that Defendant RAMIREZ fabricated, the State Attorney's Office brought one (1) count of Resisting an Officer without Violence and one

(1) count of Trespassing against Plaintiff. These charges were ultimately dismissed by the Broward County State Attorney's Office.

93. As a further direct and proximate result of the conduct described above, Plaintiff TAMMY TAYLOR suffered loss of her liberty and freedom, mental anguish. These losses are either permanent or continuing, and TAMMY TAYLOR will suffer losses in the future, in violation of her civil rights. Plaintiff has also agreed to pay the undersigned a reasonable attorney fee for services provided.

WHEREFORE, Plaintiff prays for the following relief:

ee. Judgement for compensatory damages in excess of $100,000.00;

ff.  Judgement For exemplary or punitive damages;

gg. Cost of suit;

hh. Reasonable attorney's fees, pursuant to 42 U.S.C. § 1983;

ii.  Trial by Jury as to all issues so triable; and

jj.  Such other relief as this Honorable Court may deem just an appropriate.


## COUNT VII

**Malicious Prosecution Against Defendant AR-Federal Law Violation**

94. Plaintiff TAMMY TAYLOR realleges the allegations contained in Paragraphs 1- 29 as if fully set forth herein.

95. To establish a claim under §1983 for malicious prosecution, Plaintiff must show that her Fourth Amendment right to be free from unreasonable seizures

was violated, in addition to alleging the elements of the common law tort of malicious prosecuted.

96. The common law tort for Malicious prosecution is defined as: 1)An original judicial proceeding against the present Plaintiff was commenced or continued; 2) The present Defendant was the legal cause of the proceeding; 3)The termination of the original proceeding was in favor of the present Plaintiff' 4) There was an absence of probable cause for the original proceeding; 5) There was malice on the part of the present Defendant; and 6) Plaintiff suffered damages as a result of the original proceeding.

97. On the date that Plaintiff was wrongfully arrested, she was complying with another officer's commands to leave an area in the presence of Defendant AR. The Plaintiff was unlawfully seized and searched by Defendant AR absent arguable probable cause or probable cause because Plaintiff was lawfully following commands.

98. Plaintiff was the subject of a criminal action in the State of Florida that was subsequently Nolle Prossed. The Defendant AR lacked at best arguable probable cause when she effectuated the wrongful arrest of the Plaintiff.

99. Plaintiff's Fourth Amendment State and Federal rights were violated based upon the Officers unlawful search, seizure, and arrest.

100.    Defendant AR wrongfully caused criminal proceeding to be instituted against Plaintiff TAMMY TAYLOR with malice and absent probable cause, or arguable probable cause, by submitting police reports to prosecuting

authorities containing false statements and/or material omission, which reports were relied upon by prosecuting authorities.

101.    Based on the story that Defendant RAMIREZ fabricated, the State Attorney's Office brought one (1) count of Resisting an Officer without Violence and one (1) count of Trespassing against Plaintiff. These charges were ultimately dismissed by the Broward County State Attorney's Office.

102.    As a further direct and proximate result of the conduct described above, Plaintiff TAMMY TAYLOR suffered loss of her liberty and freedom, mental anguish. These losses are either permanent or continuing, and TAMMY TAYLOR will suffer losses in the future, in violation of her civil rights. Plaintiff has also agreed to pay the undersigned a reasonable attorney fee for services provided.

WHEREFORE, Plaintiff prays for the following relief:

kk. Judgement for compensatory damages in excess of $100,000.00;

ll.  Judgement For exemplary or punitive damages;

mm.    Cost of suit;

nn. Reasonable attorney's fees, pursuant to 42 U.S.C. § 1983;

oo. Trial by Jury as to all issues so triable; and

pp. Such other relief as this Honorable Court may deem just an appropriate.

Date: November 8, 2018

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 8, 2018, I electronically filed the foregoing which will send a notice of electronic filing to the following:

**Jeffery R. Lawley, Esq.**
Billing Cochran Lyles Mauro & Ramsey
Suntrust Center, Sixth Floor
515 East Las Olas Blvd.
Fort Lauderdale, FL 33301
Email: jrl@bclmr.com

**William Tucker Craig**
Billing Cochran Lyles Mauro & Ramsey
Suntrust Center, Sixth Floor
515 East Las Olas Blvd.
Fort Lauderdale, FL 33301
Email:wtc@bclmr.com

*Counsels for the Defendants,*
*City of Fort Lauderdale and Angie Ramirez*

Respectfully Submitted,

**THE DAVIS LEGAL CENTER**
**/s/ Dameka L. Davis, Esq.**
Dameka L. Davis, Esq.
Florida Bar No.: 0110587
2719 Hollywood Boulevard, A-1187
Hollywood, Florida 33020
Telephone: 954-256-5958
Fax No.: 954-272-7665
Email: davislegalfl@gmail.com